IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH R. ABRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-452-SLR |
| | ) |
| DELAWARE DEPARTMENT OF CORRECTION, COMMISSIONER CARL DANBERG, WARDEN PERRY PHELPS, RONNIE MOORE, DR. SPENCE, and ANY AND ALL OTHER DEPARTMENT OF CORRECTION STAFF ADMINISTERING THE GREENTREE PROGRAM AT ALL DEPARTMENT OF CORRECTION FACILITIES WHOSE NAMES AND TITLES ARE SO FAR UNKNOWN, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of October, 2008, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that plaintiff's petition for declaratory judgment and injunctive relief is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), for the reasons that follow:

1. **Background**. Plaintiff Kenneth R. Abraham ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), filed this petition for declaratory judgment and injunctive relief. (D.I. 2) He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. §

1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

2

do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his petition, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

    5. **Declaratory Judgment.** Plaintiff seeks to have the GreenTree drug treatment program declared unlawful and constitutional and halted or significantly modified due to the alleged gross inaction of Department of Correction personnel coupled with the actions of the inmates in charge of the program. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act of 1934 ("the Act"), the court may declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought. *Poole v. Taylor*, 466 F. Supp. 2d 578, 584 (D. Del. 2006). Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201. The Act "does not attempt to change the essential requisites for the exercise of judicial power." *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 325 (1936). It "applies to 'cases of actual controversy,' a phrase which must be taken to connote a controversy of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." *Id.* (citation omitted). Declaratory judgment is inappropriate solely to adjudicate past conduct. *Corliss v. O'Brien*, 200 Fed. Appx. 80, 84 (3d Cir. 2006) (citing *Gruntal & Co., Inc. v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J.1993)). Also, it is not meant simply to proclaim that one party is liable to another. *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed. Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgement Act.")).

6. Plaintiff's petition for declaratory judgment fails for the simple reason that there is not a controversy of a justiciable nature. Prisoners have no constitutional right to drug treatment or other rehabilitation. *Groppi v. Bosco*, 208 Fed. Appx. 113, 115 (3d Cir. 2006); *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986, 1002 (D. Del.1995); *see also Norris v. Frame*, 585 F.2d 1183 (3d Cir. 1978); *Fiallo v. de Batista*, 666 F.2d 729, 730 (1st Cir. 1981); *Smith v. Follette*, 445 F.2d 955 (2d Cir. 1971). Accordingly, the petition for declaratory judgment is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

4

7. **Injunctive Relief**.  When considering a motion for a preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest.  *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997).  "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)).  "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).  Plaintiff is not entitled to injunctive relief because he cannot meet the requisites for injunctive relief.  As discussed above, he cannot prevail on the merits inasmuch as inmates have no constitutional rights to drug treatment or other rehabilitation programs.

8. **Conclusion**.  For the foregoing reasons, the petition for declaratory judgment and injunctive relief is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).  All pending motions are **denied** as **moot**.  (D.I. 5, 6)

_____<br>
UNITED STATES DISTRICT JUDGE